Michael L. LEVINE, Plaintiff–
Appellant,

v.

Lorraine GERSON, Robert G. Demuro,
Robert M. Hanna, the United States
of America, United States Department
of Justice, the United States Attor-
ney's Office for the District of New
Jersey, the United States Postal Ser-
vice, the United States Postal Inspec-
tion Service Defendants–Appellees,

Helen Archer, Defendant.

No. 05–0748–CV.

United States Court of Appeals,
Second Circuit.

Jan. 24, 2006.

Michael L. Levine, (Scarsdale, N.Y.), for Plaintiff–Appellant, pro se.

Elizabeth Wolstein, (Beth E. Goldman), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, N.Y., for Defendants–Appellees, of counsel.

Present: Hon. JON O. NEWMAN, Hon. ROBERT A. KATZMANN, Circuit Judges and Hon. JED S. RAKOFF, District Judge.*

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

We assume the parties' familiarity with the facts and procedural history of this case. We hereby affirm the district court's dismissal of Plaintiff–Appellant Michael Levine's complaint, which asserts in sum and substance that various parties fabricated evidence and suborned perjury in seeking to initiate a prosecution and ensure his conviction in an earlier proceeding in the District of New Jersey. All of the charges brought against Levine ultimately were dismissed by the court. Levine subsequently filed this suit seeking compensatory and punitive damages against the United States, several federal agencies and several individual defendants under the Federal Tort Claims Act ("FTCA") and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

We first find that Levine's FTCA claims for intentional infliction of emotional distress and prima facie tort properly were dismissed as time-barred because none of his potentially actionable allegations occurred within the two-year statutory limitations period that ended with the filing of Levine's administrative claim on September 13, 2002. *See* 28 U.S.C. 2401(b). The FTCA does not operate as a waiver of the federal government's sovereign immunity with respect to the actions of federal prosecutors. *Bernard v. United States*, 25 F.3d 98, 104 (2d Cir.1994). Accordingly, Levine's emotional distress and prima facie tort allegations concerning actions taken by Defendants–Appellees Lorraine Gerson and Robert Hanna, who at all times relevant to this action were Assistant United States Attorneys in the District of New Jersey, fail to state a claim under the FTCA. Levine also alleges that Defendant–Appellee Robert DeMuro, a Postal Service Inspector whose actions in theory could have subjected the United States to FTCA liability, participated in the conduct underlying his emotional distress and prima facie tort claims. However, none of DeMuro's alleged acts pertaining to these claims occurred on or after September 13, 2000, and therefore cannot support this tort action against the United States.

We likewise find that Levine's FTCA claim for malicious prosecution may not proceed even though this claim first

---

* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

accrued in 2001, upon the dismissal of the criminal charges against Levine, and therefore was timely filed. *See DiBlasio v. City of New York,* 102 F.3d 654, 658 (2d Cir.1996). Since the United States possesses sovereign immunity against any claim relating to the actions of its prosecutors, this claim only may proceed to trial if, based upon the summary judgment record, there is a genuine dispute as to any material fact concerning whether DeMuro's alleged actions caused Levine to be prosecuted unlawfully. *See* Fed.R.Civ.P. 56(c). DeMuro has submitted a sworn affidavit stating that he did not engage in any of the malfeasance alleged by Levine. Because Levine failed to counter this sworn statement with any admissible evidence to the contrary, the district court properly granted summary judgment to the United States on this claim. Levine's voluminous affirmation, by far the most significant piece of evidence submitted in opposition to the defendants' summary judgment motion, does not satisfy the requirements of Fed.R.Civ.P. 56(e) because Levine does not have personal knowledge of any of the relevant aspects of DeMuro's alleged actions with respect to his prosecution.

■ Similar reasoning leads us to affirm the District Court's grant of summary judgment to the individual Defendants–Appellees on Levine's *Bivens* claims. Even assuming, *arguendo,* that these claims were pleaded properly, are not time-barred, and are not barred by absolute or qualified immunity, summary judgment was properly granted. Levine has failed to adduce any admissible evidence sufficient to raise a triable issue of fact as to any of his various *Bivens* claims in light of the sworn declarations submitted by the individual Defendants–Appellees, which individually and collectively deny the truth of Levine's allegations against them.

We have reviewed all of Levine's arguments and have concluded that they are lacking in merit. Accordingly, the judgment of the district court is hereby **AFFIRMED.**